The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Neill Fuleihan and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Having reconsidered he evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * *
These cases were consolidated by former Deputy Commissioner Neill Fuleihan at the initial hearing on 12 July 1994.
An Industrial Commission Form 21 Agreement for Compensation for Disability in I.C. File No. 200414, having been approved by the Industrial Commission on 29 January 1992 and an Industrial Commission Form 21 Agreement for Compensation for Disability in I.C. File No. 214650, having been approved by the Industrial Commission on 25 March 1992, constitute Awards of record and as such, are incorporated herein by reference. The Pre-Trial Agreement dated 12 July 1994 is incorporated herein by reference. Additionally, the parties stipulated into evidence the medical records which are identified in the Pre-Trial Agreement.
* * * * * * * * * * * * *
EVIDENTIARY RULING
On 28 December 1994 the Commission received defendant's Motion to Quash relating to attachments added to plaintiff's contentions. In his 20 January 1995 Opinion and Award former Deputy Commissioner Fuleihan granted defendant's motion. Plaintiff abandoned this issue by not addressing it in her Form 44 and Assignments of Error and therefore, defendant's Motion to Quash is hereby GRANTED.
* * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. Plaintiff is sixty-two (62) years of age and a licensed practical nurse. Plaintiff was employed as a licensed practical nurse by defendant-employer for twelve (12) years and was so employed at all times relevant to this claim. Plaintiff's duties consisted of assisting patients move about defendant-employer's facility, bathing patients, cleaning patients' rooms and administering medications to patients. These tasks were physically demanding.
2. On 14 December 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer while transferring a patient to a wheelchair and resulting in a muscle injury to her mid-back. Specifically, after an examination by Drs. Kelly and White at the Asheville Orthopedic Associates, plaintiff was diagnosed as experiencing spasms in her mid-thoracic spine region and as having lost ten (10) percent of her cervical spine motion. Dr. White advised plaintiff to use a wheelchair, prescribed medication, restricted her from lifting and recommended that she participate in physical therapy.
3. Incident to an Industrial Commission Form 21 Agreement, approved by the Commission on 29 January 1994, defendant accepted liability for plaintiff's 14 December 1991 injury by accident, pursuant to which plaintiff received one (1) week of temporary total disability compensation. On 7 January 1992, defendant filed an Industrial Commission Form 28B, Report of Compensation and Medical Paid, with the Industrial Commission.
4. On 21 February 1992, plaintiff, having returned to light duty work following her 14 December 1991 injury by accident, sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she fell from a chair. Plaintiff was examined by Dr. Mullis, also of the Asheville Orthopedic Associates, after initially being examined at the Mission Hospital Emergency Room. Dr. Mullis diagnosed plaintiff as having sustained a lumbar strain and prescribed further medication, continued physical therapy and removed her form work for one (1) week.
5. Incident to an Industrial Commission Form 21, approved by the Commission on 25 March 1992, defendant accepted liability for plaintiff's 21 February 1992 injury by accident, pursuant to which plaintiff received two and six-sevenths (2 6/7) weeks of temporary total disability compensation. On 19 March 1992, defendant filed a Form 28B, Report of Compensation and Medical Paid, with the Industrial Commission.
6. Following her 21 February 1992 injury by accident, plaintiff was released by Dr. Mullis to return to work without restriction on 16 March 1992, at which time plaintiff did return to work with defendant-employer. Thereafter, as a result of her 21 February 1992 injury by accident, plaintiff underwent additional physical therapy until April of 1992 and continued on medication for relief of her low back pain.
7. While continuing to experience the same type of pain in her lower back that she had experienced since the 21 February 1992 injury by accident, plaintiff fell at work on 22 August 1992 while working with a patient. This incident at work on 22 August 1992 caused only a temporary increase in the symptoms that had persisted since the 21 February 1992 accident. Plaintiff again entered a physical therapy program at Thoms which consisted of pool therapy (exercising in the pool), sonic ice and heat treatments.
8. On 21 November 1992 plaintiff left work and entered the local hospital for surgery on her foot to remove a piece of glass. This injury and surgery was not work related.
9. On or about 22 December 1992, plaintiff contacted Ms. Paula Sawyer at defendant-employer's in an effort to arrange an appointment with Dr. Mullis due to her continuing increased back pain.
10. On 5 January 1993 plaintiff was examined by Dr. Mullis and reported to him her increased lower back pain and the problems associated with it. After examining plaintiff, Dr. Mullis prescribed anti-inflammatory medication and recommended continued physical therapy consisting of heat, massage, ultrasound, back exercise instruction and a TENS unit. Additionally, in an effort to determine the cause of plaintiff's continued pain, Dr. Mullis ordered that an MRI be performed.
11. Although plaintiff had not worked for defendant-employer since some time in early November 1992, on 5 January 1993 Dr. Mullis formally removed her from work as the result of her worsened condition, continued pain and problems with her lower back.
12. After reviewing the results of the MRI, Dr. Mullis, on 3 February 1993, diagnosed plaintiff with severe spinal stenosis at L5-S1 and L4-5 and prescribed anti-inflammatory and pain medication. Spinal Stenosis involves the narrowing of the spinal canal. This is a degenerative condition that Dr. Mullis opined had been aggravated by plaintiff's 21 February 1992 injury by accident and that plaintiff would eventually require a bilateral decompressive laminectomy as a corrective procedure. Further, plaintiff's condition as of 3 February 1993 had progressed to the point where she was incapable of performing any work that required stooping, squatting, bending or lifting.
13. Dr. David Lincoln, who examined plaintiff on 8 July 1993 also was of the opinion that plaintiff's condition may require surgery in the future and noted similar restrictions as those given by Dr. Mullis, but also included that plaintiff was incapable of lifting more than twenty-five (25) pounds.
14. The Full Commission finds that the condition of plaintiff's back following 19 March 1992 was causally related to the prior injury by accident on 21 February 1992.
15. Based on the evidence of record, the Full Commission finds as fact that plaintiff had undergone a substantial change of condition for the worse by 22 December 1992.
16. Plaintiff was incapable of earning wages in her former position with defendant-employer or in any other employment from 22 December 1992 and continuing thereafter through the present.
17. Dr. Mullis' previous opinion regarding permanent partial disability was formed prior to his own current diagnosis of plaintiff's condition. Dr. Lincoln's opinion was based on plaintiff being released to return to work which also occurred prior to the correct diagnosis. Therefore, at this time, no accurate determination of when or if plaintiff reached maximum medical improvement or when or if plaintiff retains any permanent partial disability has been made.
18. Plaintiff's average weekly wage was $248.40, which yields a compensation rate of $165.68.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 21 February 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer which materially aggravated her pre-existing condition of spinal stenosis. G.S. § 97-2(6).
2. By 22 December 1992, plaintiff has sustained a substantial change of condition for the worse resulting in a diminished earning capacity. G.S. § 97-47.
3. As the result of the substantial change in condition which plaintiff sustained, plaintiff is entitled to temporary total disability compensation to be paid by defendant at the rate of $165.68 per week from 22 December 1992 and continuing through the present until such time as plaintiff returns to work or defendant obtains permission from the Commission to cease payment of compensation. These payments are subject to the attorney's fee hereinafter approved. G.S. § 97-29.
4. Upon the determination of the correct date plaintiff reached maximum medical improvement and the amount of permanent partial disability retained by plaintiff, if any, defendant shall be entitled to a credit for any overpayment, if any, to plaintiff of temporary total disability compensation. Any amount of permanent partial disability compensation, if any, which is determined is due to plaintiff is also subject to the attorney's fee hereinafter approved under the same terms and conditions. G.S. § 97-29; G.S. 97-30.
5. As the result of the substantial change of condition which plaintiff sustained, plaintiff is entitled to have all related and reasonable medical expenses incurred or to be incurred paid for by defendant. G.S. § 97-25.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $165.68 per week from 22 December 1992 and continuing through the present until such time as plaintiff returns to work or defendant obtain permission from the Commission to cease payment of compensation for plaintiff's change of condition, the amounts having already accrued to be paid directly to plaintiff in a lump sum, subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all related reasonable medical expenses incurred or to be incurred by plaintiff as the result of her substantial change in condition when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five (25) percent of the compensation awarded herein, is approved for counsel for plaintiff, the amounts having already accrued to be deducted from that amount owed to plaintiff and paid directly to counsel for plaintiff in a lump sum, with counsel for plaintiff receiving every fourth check of compensation payable to plaintiff thereafter.
4. Defendant shall pay the costs due this Commission, including expert witness fees in the amount of $250.00 to Dr. Donald Mullis and $240.00 to Dr. David Lincoln.
* * * * * * * * * * * *
ORDER
The parties are ALLOWED FORTY-FIVE DAYS (60) from receipt of this Opinion and Award to take a new deposition of Dr. Donald Mullis for the purpose of determining the amount of permanent partial disability, if any, retained by plaintiff as the result of her injuries by accident and her change of condition. Thereafter the transcripts of said deposition shall be submitted to the Full Commission for the determination of the amount of permanent partial disability compensation, if any, to award. This deposition shall be at defendant's expense.
 S/ _____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ J. RANDOLPH WARD COMMISSIONER